UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                                          Case No. 16-47598

SARA J. BOHINSKI,                                                                Chapter 13

        Debtor.                                                                            Judge Thomas J. Tucker
_____/

## ORDER DISAPPROVING DEBTOR'S PROPOSED
## POST-CONFIRMATION PLAN MODIFICATION

      This Chapter 13 case is before the Court on the Debtor's proposed post-confirmation plan modification, filed March 22, 2022 (Docket # 58, the "Plan Modification"). The 21-day deadline to file objections to the Plan Modification was April 15, 2022. No timely objections were filed, and the Debtor filed a Certificate of No Response on April 22, 2022 (Docket # 59). That same day, the Debtor's attorney submitted a proposed order to the Court, approving the Plan Modification.

      The Court cannot approve the Plan Modification, because it contains a term that is contrary to law. One of the terms is to extend the length of the Debtor's confirmed plan, from 64 months to 67 months. Such a provision would have been permissible under former Bankruptcy Code § 1329(d), former 11 U.S.C. § 1329(d), which permitted modifications to extend a plan length to as long as 7 years. But that subsection of Bankruptcy Code § 1329 was repealed, effective March 27, 2022.[1] Now the maximum length of a modified plan is the 5-year period described in 11 U.S.C. § 1329(c).[2] *In re Sykes*, No. 19-56454, 2022 WL 1011167, at *1 (Bankr.

---

[1] Section 1329(d) was added to the Bankruptcy Code by the "Coronavirus Aid, Relief, and Economic Security Act" (the "CARES Act"), which was enacted on March 27, 2020. *See* Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 16-136, Div. A, Title I, Sec. 1113(b)(1)(C) (March 27, 2020), 134 Stat 281. The CARES Act contained a 1-year sunset provision, under which § 1329 would be "amended by striking subsection (d)" on "the date that is 1 year after enactment of this Act." *Id.* at Secs. 1113(b)(2)(a)(iii), 1113(b)(2)(B). The 1-year sunset period was later amended to 2 years, by the "COVID-19 Bankruptcy Relief Extension Act of 2021," which was enacted on March 27, 2021. *See* COVID-19 Bankruptcy Relief Extension Act of 2021, Pub. L. No. 117-5, Sec. 2(a)(2), 135 Stat. 249. The 2-year sunset period has not been further extended. The result is that § 1329(d) was repealed, effective on March 27, 2022.

[2] Section 1329(c) provides:

> A plan modified under this section may not provide for payments over a period that expires after the applicable commitment period under section 1325(b)(1)(B) after the time that the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer

E.D. Mich. Mar. 30, 2022) (footnotes omitted). The Debtor's proposed modified plan would exceed that maximum length, so the Court cannot approve it.

For these reasons, the Court must disapprove the Plan Modification.

IT IS ORDERED that the Debtor's Plan Modification (Docket # 58) is disapproved.

**Signed on April 25, 2022**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker**
**United States Bankruptcy Judge**

---

period, but the court may not approve a period that expires after five years after such time.

11 U.S.C. § 1329(c) (emphasis added).